

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
04/19/2017

| | | |
|---|---|---|
| IN RE: § | | |
| ADELINA BRISENO; dba BRISENO § | CASE NO: 17-70073 | |
| CONSTRUCTION § | | |
|    Debtor § | | |
| § | CHAPTER 11 | |
| § | | |
| § | | |
| STATE OF TEXAS, OFFICE OF THE § | | |
| ATTORNEY GENERAL § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-7004 | |
| § | | |
| ADELINA BRISENO, *et al* § | | |
|    Defendants § | JUDGE EDUARDO V. RODRIGUEZ | |

**MEMORANDUM OPINION**
**GRANTING THE STATE OF TEXAS' EXPEDITED MOTION FOR REMAND**
[*Resolving* ECF No. 4]

**I.      INTRODUCTION**

Pending before the Court is a single motion, the State of Texas' Motion to Remand, which was filed on March 7, 2017.  [ECF No. 2]; [ECF No. 4] (amending [ECF No. 2]) (the "***Motion***").  The Motion states that Adelina Briseno and Alejandra Melendez (collectively, the "***Defendants***") improperly removed the state court proceeding in violation of 28 U.S.C. § 1452(a)'s prohibition against removal of civil actions by governmental units that are enforcing police or regulatory powers.  *See generally* [ECF No. 4].  The Court conducted an evidentiary hearing on March 24, 2017, at which time both parties presented their arguments and evidence. In consideration of the arguments presented in the hearings on these matters, all other evidence in the record, and relevant case law, for the reasons stated in this Memorandum Opinion, this Court determines that States of Texas' Motion should be granted.

## II.     FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On February 17, 2017, the State of Texas ("*Plaintiff*"), by and through the Consumer Protection Division of the Texas Attorney General's Office's, filed its complaint in state court, thereby initiating the instant case.  [ECF No. 4 at ¶ 2]; *see also* [ECF Nos. 1-2, 1-3].  The complaint alleges that Defendants operated Briseno Construction, through which they entered into contracts with customers for the construction of homes on such customers' property and took deposits from customers before subsequently failing to meet deadlines in some of the contracts, in such a way as to have "engaged in false, misleading, and deceptive acts and practices declared unlawful."  *See generally* [ECF No. 1-3] (the "*Complaint*").  Plaintiff seeks both monetary and non-monetary relief.  *Id.* at 3, 11–13.  On February 21, 2017, a temporary restraining order, as requested by Plaintiff, prohibited Defendants from engaging in certain acts for 14 days.  *See generally* [ECF No. 1-4].

On February 27, 2017, Adelina Briseno ("*Briseno*") filed her initial petition for bankruptcy under chapter 11, title 11 of the United States Code.[1]  [Case No. 17-70073, ECF No. 1].  Contemporaneously, Alejandra Melendez ("*Melendez*") likewise filed her initial petition for bankruptcy under chapter 11.  [Case No. 17-70072, ECF No. 1].  In Melendez's and Briseno's cases, both filed their respective bankruptcy as being involved in "Briseno Construction" (the "*Business*").  *Id.* at 1; [Case No. 17-70073, ECF No. 1 at 1].

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

On March 1, 2017, Plaintiff filed its "Notice of Memorandum of Law Filed in State Court Proceeding" in both bankruptcy cases. [ECF No. 7]; [Case No. 17-70072, ECF No. 7] (collectively, the "*Notice*"). In its Notice, Plaintiff sought to apprise the Court of the ongoing litigation in state court that, according to its legal analysis, was not subject to the provisions of the automatic stay as an allegedly valid exercise of Texas' police and regulatory powers. *Id.*; *see also* [ECF No. 7-1]; [Case No. 17-70073, ECF Nos. 7, 7-1].

On March 6, 2017, Defendants filed their Application of Removal wherein they state that the state court case has been removed pursuant to 28 U.S.C. §§ 1334, 1452(a). *See generally* [Case No. 17-7004, ECF No. 1] (the "*Application*").

On March 7, 2017, Plaintiff filed its Motion to Remand that was subsequently amended. [ECF Nos. 2, 4]. Plaintiff argues that the state court proceeding was improperly removed when the Defendants filed their Application because the removal statute precludes the removal of actions "by a governmental unit to enforce such governmental unit's police or regulatory power…" [ECF No. 4 at 3]. According to Plaintiff, the present action is an exercise of its "police and regulatory power" and supports its argument by citing to Fifth Circuit authority. *Id.* at 4 (citing to *In re Halo Wireless, Inc.*, 684 F.3d 581, 589 (5th Cir. 2012)). Moreover, Plaintiff states that, pursuant to 28 U.S.C. § 1447(c), when a case has been improperly removed the court "lacks proper subject matter jurisdiction to hear the case and the action must be remanded." *Id.* Due to the significance and importance of the arguments lodged by Plaintiff, the Court set a hearing on the Motion for March 31, 2017. [ECF No. 3].

On March 20, 2017, Briseno filed her response. *See* [ECF No. 11]. The following day, Melendez filed her response. [ECF No. 12]. Defendants' responses present the same argument: namely that Article III of the United States Constitution and 28 U.S.C. § 1251 deprives the state

court of jurisdiction over the instant matter.  *See generally* [ECF Nos. 11, 12] (collectively, the "**Response**").  Defendants' Response also cite to two cases to support the notion that § 1251 deprives the state court of jurisdiction.  *See Nebraska v. Colorado*, 136 S. Ct. 1034 (2016) (Thomas, J., dissenting); *Ohio v. Wyandotte Chemicals Corp.*, 401 U.S. 493, 500-05 (1971).

On March 22, 2017, Briseno, as the removing defendant, filed her First Amended Application of Removal.  [ECF No. 14] (the "***Amended Application***").  In Briseno's Amended Application, she states that the state court case has been moved to federal court "pursuant to 28 U.S.C §§ 1334, 1441, and 1452(a) …" *Id.* at 1.  Briseno also reiterates the same jurisdictional argument made in the Response.  *Compare id.* at 2 *with* [ECF No. 11] *and* [ECF No. 12].

Contemporaneous to Briseno's Amended Application being filed, Plaintiff filed its reply to Defendants' Response.  [ECF No. 15] (the "***Reply***").  Plaintiff argues that Defendants' Response fails to address the main thrust of their Motion, i.e. the police and regulatory exception in § 1452(a), and focus on "spurious arguments . . . to validate their unmoored Removal Pleading." *Id.* at 2.  Plaintiff proceeds to analyze the argument for removal pursuant to § 1441 and preclusion of jurisdiction by Article III and § 1251.  *Id.* at 3–6.

The Court conducted an evidentiary hearing on Plaintiff's Motion on March 24, 2017 (the "***Hearing***").  [ECF Nos. 3, 6].  Counsel for Plaintiff and the Defendants appeared and offered argument on the Motion.  Both Plaintiff and Defendants offered exhibits for evidence, which were admitted by the Court.

### III.    LEGAL STANDARD

For a motion to remand, or alternatively to abstain, there are four different bases from which it may be brought: 28 U.S.C. §§ 1447(c), 1452(b) and 28 U.S.C. § 1334(c)(1), (c)(2).  *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *1 (Bankr. S.D. Tex. Apr. 19, 2016).  Section 1447

astricts courts to remand causes of action when the court determines that it lacks subject matter jurisdiction at any point prior to final judgment. § 1447(c); *see also In re Allison*, 2006 WL 2620480, at *7 (Bankr. S.D. Tex. Sep. 12, 2006) ("At a minimum, a bankruptcy court has jurisdiction to determine its own jurisdiction."). A motion to remand, pursuant to § 1452, or abstention, under § 1334(c)(1), are similar in nature, as both are rooted in equity and courts have discretion to rule. *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *21 (S.D. Tex. June 6, 2003). Remand under §§ 1452 and 1334(c)(1) also use similar factors for considering whether to remand the removed action. *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 603 n.1 (S.D.Tex.1999); *see also Ramirez v. Rodriguez*, 413 B.R. 621, 631–33 (Bankr. S.D. Tex. 2009). A motion to abstain pursuant to § 1334(c)(2) is significantly different, and courts have no discretion if the party requesting relief meets the requirements for remand. *J.T. Thorpe*, 2003 U.S. Dist. LEXIS 26016, at *10; *see Ramirez*, 413 B.R. at 626–28; *see also Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir. 1997). Irrespective of the type of motion made, 28 U.S.C. § 1447(c) limits the basis for remand to a lack of subject matter jurisdiction once 30 days has elapsed from removal. *See also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (noting that § 1452 is not exclusive and § 1447 applies to remand of any removed case); *United States v. Rice*, 327 U.S. 742, 752 (1946).

### IV.   CONCLUSIONS OF LAW

a. **Jurisdiction**

The requirements of removal, either pursuant to § 1452 or 28 U.S.C. § 1441, necessitate a determination of the existence of a court's relevant jurisdiction. *Chicot Cty. Drainage Dist. v. Baxter St. Bank*, 308 U.S. 371, 376 (1940) (noting that "[t]he lower federal courts are all courts

of limited jurisdiction, … [b]ut none the less they are courts with authority … to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act"). In order to remove a case to federal court through § 1452(a), the court must have jurisdiction over the matter pursuant to § 1334. Section 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." *See also* 28 U.S.C. § 157(a); In re: Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012). *But see* § 1334(b) (noting the limitations of exclusive jurisdiction in "civil proceedings arising under title 11, or arising in or related to cases under title 11"). Similar to § 1452(a), § 1441 requires that the removal of a matter to federal court from state court meet qualifications of diversity of citizenship, pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1446(c). Therefore, the Court has jurisdiction to determine whether the instant adversary proceeding has been properly removed under § 1441 or § 1452. *Baxter St. Bank*, 308 U.S. at 376.

    b.  **Venue**

This Court may only hear a case in which venue is proper. 28 U.S.C. §§ 1408 and 1409. Venue is proper, pursuant to § 1409, as the Defendants' principal places of residence are in Mission, Texas, and Plaintiff is the State of Texas.

    c.  **Constitutional Authority To Enter A Final Order**

This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). In *Stern*, the Supreme Court reasoned that bankruptcy judges are not protected by the lifetime tenure attribute of Article III judges, but they were performing Article III judgments by judging on "all matters of fact and law" with finality. *Id*. at 498–500. Hence, the Court held Article III imposes some restrictions

against a bankruptcy judge's power to rule with finality, but a bankruptcy court is permitted to issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the issue is merely "related to" bankruptcy. *See* § 157. However, Article III will be satisfied where parties knowingly and voluntarily consent to the bankruptcy court's power to issue final judgments. *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966). *But c.f. Schoenthal v. Irving Tr. Co.*, 287 U.S. 92 (1932). Here, Plaintiff wishes to return the adversary proceeding back to state court whereas Defendants seek to remain here. *Compare* [ECF No. 1] *and* [ECF No. 11] *and* [ECF No. 12] *and* [ECF No. 14] *with* [ECF No. 2] *and* [ECF No. 4] *and* [ECF No. 15]. Since the resolution of the instant matter is not a final determination of the parties' rights to secure the relief they seek, a final order or judgment is interlocutory and does not run afoul of *Stern*. *Matter of Rupp & Bowman Co.*, 109 F.3d 237 (5th Cir. 1997); *see also Stern*, 564 U.S. at 498–500; *Catlin v. United States*, 324 U.S. 229, 223 (1945) (stating that an order is appealable if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) ("[A]n order in an individual adversary proceeding is not final unless it ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."). *C.f. Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988).

## V.   ANALYSIS

Once a lawsuit involving claims relating to the bankruptcy has been removed to the bankruptcy court, Congress has provided multiple avenues for a party to have the proceeding returned to state court, including petitioning for mandatory abstention, for permissive abstention, or for equitable remand. 28 U.S.C. §§ 1334(c)(1)-(2) and 1452(b); *In re Houston Reg'l Sports*

*Network, L.P.*, 514 B.R. 211, 213 (Bankr. S.D. Tex. 2014). However, Plaintiff is alleging that the instant adversary proceeding has not been properly removed pursuant to § 1452(a) as the Plaintiff is allegedly exercising its police and regulatory powers in pursuing Defendants. *See generally* [ECF No. 4]. Thus, Plaintiff seeks that the Court remand the instant adversary proceeding back from whence it came. The Court is construing Plaintiff's Motion as seeking remand under both § 1452(b) and 28 U.S.C. § 1447(c) due to Defendant's Amended Application alleging removal under § 1441. *See* [ECF Nos. 4, 14]; *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 522 F. Supp. 2d 557, 561 (S.D.N.Y. 2007) (Scheindlin, J.) (citing to *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), for the proposition that "[a] party may use section 1441 or section 1452, or both, to remove a case with federal questions and involving a bankruptcy").

    a. **Requirements of § 1447(c)**

The first step in determining whether Plaintiff's Motion is timely is looking to see if it has met the requirements of § 1447(c). Within the first thirty days of filing a notice of removal, a motion to remand can be brought "on the basis of any defect…" § 1447(c). Once thirty days has elapsed, only a motion for remand for a lack of subject matter jurisdiction is permissible. *Id.*

Here, Briseno filed her Application on March 6, 2017. [ECF No. 1]. Plaintiff filed its Motion on March 7, 2017, the following day. [ECF No. 2]; *see also* [ECF No. 4]. Plaintiff's Motion seeks remand "on the basis of [a] defect other than lack of subject matter jurisdiction" and was filed within thirty days. [ECF No. 4 at 5]; *compare* [ECF No. 1] *with* [ECF No. 2]; *see also* § 1447(c); Fed. R. Civ. P. 15(c). Accordingly, the Court finds that Plaintiff's Motion is timely filed.

    b. **Equitable Remand under 28 U.S.C. § 1452(b)**

>Section 1452, in relevant part, provides parties with the ability to:
>
>>remove any claim or cause of action in a civil action *other than* a proceeding before the United States Tax Court or *a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). Section 1452 also allows the court to which such claim or cause of action is removed to remand such claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). In determining whether to grant a motion to remand under § 1452(b), this Court previously adopted two sets of factors. *In re Treyson Dev., Inc.,* No. 14-70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016); *see also In re Montalvo*, 559 B.R. 825 (Bankr. S.D. Tex. 2016). The first set of factors considers whether the Court should remand or abstain and include:

>(1) the convenience of the forum;
>(2) the presence of non-debtor parties;
>(3) whether the case should be tried as a whole in state court;
>(4) the duplicative and uneconomic effect of judicial resources in two forums;
>(5) the lessened possibility of inconsistent results;
>(6) whether the state court would be better able to handle issues of State law;
>(7) the expertise of the Bankruptcy Court;
>(8) the degree of relatedness or remoteness to the main bankruptcy case;
>(9) prejudice to involuntarily removed parties;
>(10) whether the case involves forum shopping;
>(11) the burden on the Bankruptcy Court's docket; and
>(12) considerations of comity.

*Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc.* (*In re Ciclon Negro, Inc.*), 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) (*citing to Browning*, 743 F.2d at 1076 n.21, and *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)). The second set of factors considers:

>(1) forum non conveniens;
>(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

  (3) whether the state court has greater ability to respond to questions of state law;
  (4) the particular court's expertise;
  (5) the inefficiencies of proceedings in two forums;
  (6) prejudice to the involuntarily removed party;
  (7) comity; and
  (8) possibility of an inconsistent result.

*Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 632–33 (Bankr. S.D. Tex. 2009).

  Section 1452(b) is similar to §1334(c) as both favor comity and the resolution of state law questions by state courts. *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *1, *21 (S.D. Tex. June 6, 2003) *(citing to Lee v. Miller*, 263 B.R. 757, 763 (S.D.Miss.2001)); *see also Ramirez,* 413 B.R. at 632. Because the two are similar in purpose, factors which weigh in favor of discretionary abstention or dictate mandatory abstention under § 1334(c) will also weigh in favor of equitable remand under § 1452(b). *Id*.

  The next step in determining whether remand is appropriate, here, is analyzing whether the exception for "police or regulatory power" civil actions is applicable. *See* § 1452(a). The Fifth Circuit, in *In re Halo Wireless, Inc.*, discussed the "police and regulatory power" in the confines of 11 U.S.C. § 362's exception, including the pecuniary purpose and public policy tests. 684 F.3d 581, 588–95 (5th Cir. 2012). The pecuniary purpose test focuses on "whether the government seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health." *Id.* at 588 (citing to *In re Nortel Networks, Inc.*, 669 F.3d 128, 139–40 (3rd Cir. 2011)). Meanwhile, the public policy test looks at "whether the government is effectuating public policy rather than adjudicating private rights." *Id.* To accomplish this, a court must look to the purpose of the law being enforced, in context of the totality of the circumstances, and determine "whether the particular regulatory proceeding at issue is designed primarily to protect the public safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the

nongovernmental debts of private parties." *Id.* To wit, if the law's purpose "is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies." *Id.* Conversely, if the purpose of the law does not meet the public policy test and the law's purpose "is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable." *Id.*

Turning now to the instant matter, Plaintiff is seeking enforcement of the Texas Deceptive Trade Practices–Consumer Protection Act ("**DTPA**"). [ECF No. 1-3 at 2]. Plaintiff alleges that it has "reason to believe that Defendants have engaged in, and will continue to engage in, the unlawful practices set forth in this petition." *Id.* More specifically, Plaintiff's claim to seeking relief in the public interest is that it has "reason to believe that Defendants have caused, and will cause, immediate irreparable injury, loss, and damage to the State of Texas, by continuing to accept down payments, or monthly payments, intended for home construction projects and not disclosing that they may not be able to commence or complete the project as represented, *to the financial detriment of consumers*." *Id.* (emphasis added). Plaintiff's "reason to believe" in the various alleged actions attributed to the Defendants derives from complaints made by consumers. *Id.* at ¶¶ 22–28 (discussing the complaints in general and providing samples of the complaints). In its Complaint, Plaintiff seeks both monetary damages[2] and injunctive relief. *Id.* at 3. The Supreme Court of Texas, in discussing the DTPA, has stated that "[a] primary purpose of the enactment of the DTPA was to provide consumers a cause of action for deceptive trade practices without the burden of proof and numerous defenses encountered in a common law fraud or breach of warranty suit." *Smith v. Baldwin*, 611 S.W. 2d 611, 616 (Tex. 1980); *see also In re Norplant Contraceptive Prod. Litig.*, 165 F.3d 374, 377 (5th Cir. 1999)

---

[2] In Plaintiff's claim for relief, the monetary relief sought includes "penalties, costs, expenses, consumer redress, and attorney fees, [allegedly] in excess of $100,000." [ECF No. 1-3 at 3, 11–13].

(citing *Smith*, 611 S.W. 2d at 616, and its progeny); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W. 2d 535, 540 (citing to Tex. Bus. & Comm. Code § 17.44, which states that the DTPA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection"). The DTPA defines consumers to mean "an individual, partnership, corporation, *this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or service*s, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more." Tex. Bus. & Comm. Code § 17.45(4) (emphasis added). Thus, the unresolved issue is whether Plaintiff contracted with Defendants and thus the instant matter involves Plaintiff seeking to protect its own pecuniary interests as well. *In re Halo Wireless, Inc.*, 684 F.3d at 588. The Complaint focuses solely on the interactions between Defendants and consumers, as defined by statute. *See generally* [ECF No. 1–3]. Moreover, Defendants do not allege that they have contracted with Plaintiff. Accordingly, the Court concludes that Plaintiff is not seeking to protect its own pecuniary interest, but rather seeking to protect the public interest, in conformity with the statutory underpinnings of the DTPA. As such, Plaintiff qualifies for the "police and regulatory" exception pursuant to the public policy test. *In re Halo Wireless, Inc.*, 684 F.3d at 588. Even if the Court's analysis had not reached this result, the Defendants, in their Response, admit that "the exercise of the injunctive powers of a consumer protection enforcement action is an exercise of its police and regulatory powers." [ECF No. 11 at ¶ 15]; [ECF No. 12 at ¶ 15].

Therefore, the Court finds that Plaintiff was entitled to the exception to removal found in

§ 1452(a) for a civil action by a government unit exercising its "police or regulatory power." However, the analysis does not stop there because, as the Supreme Court has stated, § 1452 is not the only path from state court to federal court. *Petrarca*, 516 U.S. at 124–25. Thus, the Court must now look to whether removal is proper under § 1441.

### c. Is Removal Proper Under 28 U.S.C.§ 1441?

The issue of removal under § 1441, as might be expected, is an issue of first impression for the Court. The court in *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.* noted that parties may use either § 1452 or § 1441, "or both to remove a case with federal questions and involving a bankruptcy." 522 F. Supp. at 561. Moreover, the court noted that improperly removed cases do not deprive a court of subject matter jurisdiction. *Id.* at 562–64 (citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 154648 (5th Cir. 1991), for the reasoning that a plaintiff waiver of removal defects by failing to seek remand within the thirty day window provided by § 1447(c) does not deprive a federal court of subject matter jurisdiction); *see also Menedez v. Wal-Mart Stores, Inc.*, 364 F. Appx. 62 (5th Cir. 2010) (holding that the defendant's motion to amend their notice of removal was proper due to plaintiffs' waived objections to the sufficiency of the notice of removal by failing to seek remand within thirty days of removal).

Here, Plaintiff sought removal within the thirty-day limitation imposed by § 1447(c) and thus the holding of *Baris*, albeit instructive, is not applicable in this case. *Compare* [ECF No. 2] *and* [ECF No. 4] *with Baris*, 932 F.2d at 1546–48 *and* § 1447(c); *c.f. Menedez*, 364 F. Appx. at 65–66. Thus, the Court must go further to determine whether removal was proper under the general removal statute.

### i. Federal Question

Section 1441 permits removal of civil actions in state court under two circumstances.

The first, discussed in this section, is when the civil action is based on a federal question. A civil action is based on a federal question when it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Remanding a case removed pursuant to § 1441 substantially differs from one removed under § 1452 as the former does not permit a court to remand "on any equitable ground" whereas the latter does. *In re Mortgages Ltd.*, 452 B.R. 776, 777–78 (Bankr. D. Ariz. 2011) (citing to *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 344–45 (1976), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706 (1996)). Accordingly, the Court must determine whether there is a federal claim presented.

In the Amended Application, Briseno does not allege that there is a federal question. *See generally* [ECF No. 14]. Briseno does, however, allege that the Court has jurisdiction over this matter pursuant to § 157(b)(2)(K), (O). The first basis, § 157(b)(2)(K), provides that matters involving "determinations of the validity, extent, or priority of liens" are a core matter, for which the bankruptcy court "may enter appropriate orders and judgments." §§ 157(b)(1), (b)(2)(K). The second basis, § 157(b)(2)(O), involves "other proceedings affecting the liquidation of the assets of the estate or *the adjustment of the debtor-creditor* or the equity security holder relationship, except personal injury tort or wrongful death claims," for which, similar to the prior basis, a bankruptcy court may adjudicate. §§ 157(b)(1), (b)(2)(O) (emphasis added). Briseno, however, does not argue how Plaintiff's civil action is going to adjust the debtor-creditor relationship. Even if Briseno had, the Court is hard pressed to see how injunctive relief, the only permissible outcome of Plaintiff's action during the pendency of Defendants' respective bankruptcies, would adjust the relationship between the Defendants and the consumers, who are arguably now creditors. Furthermore, Briseno does not state what liens are in question, which is pertinent because Briseno does not claim to hold any liens "on the completed homes for labor or

materials." [ECF No. 1 at ¶ 2]; [ECF No. 14 at ¶ 3]. Accordingly, the Court finds that Briseno has failed to demonstrate that removal of Plaintiff's civil action presents a federal question and thus cannot be properly removed under § 1441(c).

### ii. Diversity Jurisdiction

The second basis for which a civil action may be removed from state court to federal court is when there is diversity of citizenship among the parties. § 1441(b). As with removal due to federal question, the Court is not permitted to remand, pursuant to § 1447(c), when the case has been properly removed under diversity jurisdiction. *In re Mortgages*, 452 B.R. at 787–88 (citing to *Thermtron*, 423 U.S. at 344–45). The Court will now determine whether Briseno has properly removed Plaintiff's civil action under diversity jurisdiction.

In order to qualify for diversity jurisdiction, the party bringing the action to federal court must demonstrate that the action meets two separate criteria. *See generally* 28 U.S.C. § 1332(a). Specifically, the dispute must involve an amount in excess of $75,000 and the parties must demonstrate a diversity of citizenship. *Id.* To demonstrate diversity of citizenship, the dispute must be between citizens of different states, foreign or domestic. § 1332(a)(1)–(2). When considering the citizenship of the parties, the court must find that there is complete diversity, i.e. no litigant may be a citizen of the same state as a litigant in the opposing party. Charles A. Wright, *et al.*, 13E Fed. Prac. & Proc. Juris. § 3606 (3d ed.); *see also Thames v. Miss. For Use & Benefit of Shoemaker*, 117 F.2d 949 (5th Cir. 1941). In establishing diversity jurisdiction, the burden of proof is upon the party that is asserting that the court has jurisdiction to hear the matter. *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). When jurisdiction is disputed, the asserting party "must support their allegations by competent proof." *Id.*

*Amount in Controversy*

As discussed above, the party asserting jurisdiction must establish that the court has jurisdiction over the matter. The first issue for diversity jurisdiction is that the amount in controversy must exceed $75,000. § 1332(a). Here, Plaintiff seeks monetary relief, inclusive of costs and fees, "in excess of $100,000." [ECF No. 1-3 at 3]. Moreover, Plaintiff, in its Motion, states that the complaints lodged against the Defendants is "over $1.6 million in payments…" [ECF No. 4 at 5]. Defendants do not dispute this amount. [ECF No. 11 at ¶ 15]; [ECF No. 12 at ¶ 15]. *But see* § 1332(a) (setting the amount in controversy in excess of "$75,000, *exclusive of interests and costs*"). Accordingly, the Court finds that the amount in controversy exceeds $75,000 required for diversity jurisdiction.

*Citizenship of Litigants*

In order for a court to find diversity jurisdiction, there must be complete diversity among the litigants. 13E Fed. Prac. & Proc. Juris. § 3605 (3d ed.) (discussing complete diversity). While not relevant to the instant matter, the Court notes that citizenship of entities involves a more complex analysis. *See generally* § 1332(c); *Hertz*, 559 U.S. at 89–96 (discussing citizenship of corporations); *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (discussing citizenship of partnerships); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) (discussing citizenship of a trustee versus the trust's beneficiaries). For the purposes of analyzing diversity jurisdiction, "[t]here is no question that a State is not a citizen…" pursuant to § 1332(a). *Moor v. Alameda Cty.* 411 U.S. 693, 717 (1973) (citing to *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 547 (5th Cir. 2006); *Melder v. Allstate Corp.*, 404 F.3d 328, 335 (5th Cir. 2005) (finding that the State of Louisiana being named as a defendant meant that diversity jurisdiction was not possible, so removal was barred under § 1441(a)); *see also PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d

1412, 1416 (5th Cir. 1996) (noting that agencies that are alter-egos of the state will also defeat jurisdiction).

Here, Briseno advances two basic, yet interrelated, arguments for removal under diversity jurisdiction. The Court will look at each separately. First, that Briseno herself is a citizen of a foreign state, Mexico in her case, and not a legal permanent resident of Texas. [ECF No. 14 at 2]; Defs. Exh. A. Briseno does not aver whether Melendez is a citizen of Texas or a citizen of another foreign or domestic state. *See generally* [ECF No. 14]. On the opposite side is the State of Texas. [ECF No. 1-3 at 1] (stating that Plaintiff, the State of Texas, is "acting by and through Attorney General of Texas, Ken Paxton…"). Similar to the circumstances in *Moor*, Plaintiff, as a state, is not a citizen for the purposes of diversity jurisdiction under § 1332(a). *Compare* [ECF No. 1-3] *with Moor*, 411 U.S. at 717. If Plaintiff is not a citizen for the purposes of determining diversity jurisdiction then the instant matter cannot be properly removed under § 1441. *Frazier*, 445 F.3d at 547; *Melder*, 404 F.3d at 335 (stating that the State of Louisiana, as a defendant, meant that diversity jurisdiction was impossible). Accordingly, the Court finds that Briseno removal under § 1441(b) is barred by the presence of Plaintiff.

Briseno's second argument is that the court, pursuant to 28 U.S.C. § 1251 and Article III of the United States Constitution, has original jurisdiction over this matter and the court cannot decline the matter as a result. [ECF No. 14 at 2]. Briseno cites to § 1251 and Article III for the proposition that it grants original jurisdiction to the federal courts over matters "between a state and an alien." *Id.* While this is an accurate description of what § 1251 provides, it is not a complete recitation. Section 1251 provides that the "Supreme Court shall have original *but not exclusive* jurisdiction of … [a]ll actions or proceedings by a State against … aliens." § 1251(b)(3). Section 1251 is a congressional action embodiment of the jurisdictional provisions

of Article III, which provides that "[t]he judicial Power shall extend to all Cases … between a State, or the Citizens thereof, and foreign … Citizens or Subjects." *Compare* § 1251(b)(3) *with* U.S. CONST. art. III, § 2, cl. 1. If the Supreme Court does not have exclusive jurisdiction over the types of matters before this Court, then Briseno's assertion is incorrect and the state court could properly entertain Plaintiff's claims. *Compare* § 1251(b)(3) *and* U.S. CONST. art. III, § 2, cl. 1 *with* [ECF No. 14]. Thus, the Court finds that Briseno has improperly stated the jurisdiction provided under § 1251 and can decline to retain the instant matter.

*Conclusion on Diversity Jurisdiction*

Briseno alleges that the instant adversary proceeding is properly removed under § 1441, for the purposes of diversity jurisdiction, and the Court cannot decline to hear the matter due to the provisions of § 1251 and Article III. *See generally* [ECF No. 14]. The Court looked first at whether the instant matter surpassed the amount in controversy threshold of $75,000. Plaintiff seeks at least $100,000 in various forms of relief, so the Court concluded that the threshold had been met. *See* [ECF No. 1-3]. Next, the Court reviewed whether there was diversity of citizenship between the parties. Plaintiff, as a state, was found to not have citizenship for the purposes of this analysis, thus barring removal under diversity jurisdiction. *Frazier*, 445 F.3d at 547; *Melder*, 404 F.3d at 335. Finally, the Court analyzed whether Briseno's assertions on declining to hear the matter could be sustained. The plain language of both § 1251 and Article III tracked each other and provided for concurrent jurisdiction on matters between a state and an alien. *Compare* § 1251(b)(3) *and* U.S. CONST. art. III, § 2, cl. 1 *with* [ECF No. 14]. Ultimately, Briseno's argument fails to persuade the Court. In conclusion, the Court finds that the instant adversary proceeding has been improperly removed under § 1441 for diversity jurisdiction and the Court may properly decline to hear the matter.

## VI. CONCLUSION

The matter before the Court is one of allegedly improper removal under § 1452(a)'s exception for civil actions involving police or regulatory powers being used by a governmental unit. *See generally* [ECF No. 2]. Subsequent to the Motion being filed by Plaintiff, Briseno filed her Amended Application alleging removal under § 1441 as well. *See generally* [ECF No. 14]. The Court reviewed whether the removal was (1) proper under § 1452; (2) proper under § 1441 as to federal question; (3) proper under § 1441 as to diversity jurisdiction; and (4) a matter than the Court could not decline to review under § 1251 and Article III. The Court found that § 1452(a) "police or regulatory power" exception did apply to Plaintiff and that the removal was improper. The Court found that Briseno's removal, as to federal question jurisdiction under § 1441, was improper because the instant matter involved only matters of Texas state law and did not present a federal question. The Court determined that Briseno's removal for diversity jurisdiction under § 1441(b) fails because Plaintiff is not a citizen for the purposes of the analysis, thus removal was barred. Finally, the Court found that the jurisdictional provisions of § 1251 and Article III mirror one another and provide original, but not exclusive, jurisdiction over matters involving a state and an alien so the Court could decline to hear the matter. In light of the foregoing, the Court finds that Plaintiff's Motion should be granted.

An Order consistent with this Memorandum Opinion shall be simultaneously entered herewith.

SIGNED 04/19/2017.

                                                Eduardo V. Rodriguez
                                          United States Bankruptcy Judge